UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROSS MARKAM PANARITES,

Petitioner,

-vs-                                                    Case No.  8:04-cv-2660-T-24EAJ

JAMES V. CROSBY, JR.,

Respondent.

_____

## ORDER

Before this Court is a pro se petition for writ of habeas corpus filed by a Florida prisoner, Ross Markam Panarites, challenging his conviction and sentence entered by the Circuit Court for the Sixth Judicial Circuit, Pinellas County, Florida, in case no. 98-20864CFANO. Panarites is currently proceeding on his second amended petition. (Doc. No. 13).

## BACKGROUND

Panarites was charged with sexual battery in case no. 98-20864CFANO. Represented by court-appointed counsel, Panarites was tried by a jury before the Honorable Lauren C. Laughlin on June 13-15, 2000. The jury found Panarites guilty as charged. On June 15, 2000, the state trial court sentenced Panarites to thirty years incarceration. Panarites appealed.

On August 3, 2001, the state district court of appeal per curiam affirmed the conviction and sentence. (Resp. Ex. 4). <u>Panarites v. State</u>, 799 So.2d 1043 (Fla. 2d DCA 2001)[table].

Rule 3.850 Motions for Postconviction Relief

Panarites filed a pro se Rule 3.850 motion, with a cover letter dated June 20, 2002. (Resp. Ex. 7). The state trial court summarily denied the Rule 3.850 motion. (Resp. Ex. 8). Following denial of rehearing, Panarites appealed the summary denial, and on February 19, 2003, the state district court of appeal per curiam affirmed the state trial court's denial of relief. <u>Panarites v. State</u>, 840 So.2d 240 (Fla. 2d DCA 2003)[table].

Panarites filed a second Rule 3.850 motion dated July 11, 2003. (Resp. Ex. 16). On August 13, 2003, the state trial court summarily dismissed the Rule 3.850 motion as successive. (Resp. Ex. 17). Panarites appealed, and on May 21, 2004, the state district court of appeal per curiam affirmed the state trial court's summary dismissal. Following denial of rehearing, the mandate issued August 4, 2004. (Resp. Ex. 27)

Panarites then filed a petition for review in the Florida Supreme Court which was denied on August 5, 2004, in case no. SC04-1395. <u>Panarites [sic] v. State</u>, 881 So.2d 1113 (Fla. 2004).

Rule 3.800 Motion To Correct Illegal Sentence

Panarites filed a pro se 3.800(a) motion to correct illegal sentence dated March 1, 2004 which was summarily dismissed by the state trial court. (Resp. Ex. 32, 33) Panarites appealed the summary dismissal, and on August 18, 2004, the state district court of appeal,

in case no. 2D04-2158, per curiam affirmed the state trial court's ruling. Panarites filed a

motion for rehearing, which was denied September 24, 2004.

Panarites then timely filed the present federal petition for writ of habeas corpus

raising six grounds for relief:

1. Whether counsel was ineffective for failing to use peremptory strikes to remove jurors [as] directed by client?

2. Whether counsel was ineffective when he failed to provide necessary information and assistance to client during plea offer, preventing client from making a knowing and intelligent decision?

3. Whether counsel was ineffective by failing to investigate a viable defense and interview available witnesses which would support validity of defense offered by defendant?

4. Whether counsel was ineffective for failure to present a viable defense and related witnesses after emphasizing both during opening argument?

5. Whether counsel was ineffective in failing to conduct a thorough direct and cross-examination of witnesses corroborative of viable defense?

6. Whether Defendant was denied due process when the lower court denied Rule 3.850(f) motion without evidentiary hearing or reaching merits of claims?

## STANDARDS OF REVIEW

Because Panarites filed his petition after April 24, 1996, this case is governed by 28

U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996

(AEDPA). Penry v. Johnson, 532 U.S. 782, 792 (2001); Henderson v. Campbell, 353 F.3d

880, 889-90 (11th Cir. 2003); Maharaj v. Sec'y of Dept. of Corrections, 304 F.3d 1345,

1346 (11th Cir. 2002).  The AEDPA "establishes a more deferential standard of review of

state habeas judgments," Fugate v. Head, 261 F.3d 1206, 1214 (11th Cir. 2001), in order

to "prevent federal habeas 'retrials' and to ensure that state-court convictions are given

effect to the extent possible under law." <u>Bell v. Cone</u>, 535 U.S. 685, 693 (2002); <u>see</u>, <u>Bell v. Cone</u>, 2005 WL 123827 (U.S. Jan. 24, 2005) (habeas court's standard for evaluating state-court ruling is highly deferential, which demands that state-court decisions be given benefit of the doubt)[citing 28 U.S.C.A. § 2254(d)]).   AEDPA is relevant to a review of this Petition.

Pursuant to AEDPA, habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application, of clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); <u>Price v. Vincent</u>, 123 S.Ct. 1848, 1852-53 (2003); <u>Clark v. Crosby</u>, 335 F.3d 1303, 1308 (11th Cir. 2003); <u>Harrell v. Butterworth</u>, 251 F.3d 926, 930 (11th Cir. 2001).   "Clearly established Federal law" is the governing legal principle, not the dicta, set forth by the United States Supreme Court at the time the state court issues its decision. <u>Lockyer v. Andrade</u>, 538 U.S.63, 71-72 (2003).  Where no Supreme Court precedent is on point, or the precedent is ambiguous, it cannot be said that  the state court's conclusion is contrary to clearly established governing federal law.  <u>Mitchell v. Esparza</u>, 124 S.Ct. 7, 10 (2003); <u>Clark v. Crosby</u>, 335 F.3d at 1308-10; <u>Washington v. Crosby</u>, 324 F.3d 1263, 1265 (11th Cir. 2003).

A state court decision is "contrary to" the Supreme Court's clearly established precedent within the meaning of § 2254(d)(1) only if the state court applies a rule that contradicts the governing law as set forth in Supreme Court case law, or if the state court

confronts a set of facts that are materially indistinguishable from those in a decision of the Supreme Court and nevertheless arrives at a result different from Supreme Court precedent.  Mitchell v. Esparza, 124 S.Ct. at 10 (citing Williams v. Taylor, 529 U.S. 362, 405-06 (2000)).  See also Price v. Vincent, 123 S.Ct. at 1853; Lockyer v. Andrade, 538 U.S. at 75-77.  A state court does not have to cite the Supreme Court precedent, or even be aware of it, so long as neither its reasoning nor its result contradicts Supreme Court precedent.  Early v. Parker, 537 U.S. 3, 8 (2002); Mitchell v. Esparza, 124 S.Ct. at 10; Parker v. Secy of Dept. of Corrections, 331 F.3d 764, 775-76 (11th Cir. 2003).

A state court decision involves an unreasonable application of Supreme Court precedent if the state court identifies the correct governing legal rule from Supreme Court cases but unreasonably applies it to the facts of the particular inmate's case; or if the state court either unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply; or unreasonably refuses to extend that principle to a new context where it should apply.  Bottoson v. Moore, 234 F.3d 526, 531 (11th Cir. 2000).  The "unreasonable application" inquiry requires the state court decision to be more than incorrect or erroneous; it must be objectively unreasonable.  Lockyer v. Andrade, 538 U.S. at 75-77; Williams, 529 U.S. at 409-10; Penry v. Johnson, 532 U.S. at 791-792; Woodford v. Visciotti 537 U.S. 19, 25 (2002); Mitchell v. Esparza, 124 S.Ct. at 11-12; Price v. Vincent, 123 S.Ct. at 1853.

Whether a state court's decision was unreasonable must be assessed in light of the record the court had before it. See Holland v. Jackson, 124 S.Ct. 2736, 2737-2738 (2004) (citing Yarborough v. Gentry, 540 U.S. 1 (2003)) (per curiam) (denying relief where state

court's application of federal law was supported by the record); Miller-El  v. Cockrell, 537

U.S. 322, 348 (2003) (reasonableness of state court's factual finding assessed "in light of

the record before the court"); cf. Bell v. Cone, 535 U.S. at 697, n. 4  (declining to consider

evidence not presented to state court in determining whether its decision was contrary to

federal law).

Exhaustion and Procedural Default

A § 2254 application cannot be granted unless a petitioner has exhausted the

remedies available in the courts of the State. 28 U.S.C. § 2254(b)(1)(A); Baldwin v. Reese,

541 U.S. 27, 29 (2004) "[T]he state prisoner must give the state courts an opportunity to

act on his claims before he presents those claims to a federal court in a habeas petition."

O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); see also Henderson v. Campbell, 353

F.3d 880, 891 (11th Cir. 2003); Snowden v. Singletary, 135 F.3d 732, 735 (11th Cir. 1998).

"To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his

claim in each appropriate state court (including a state supreme court with powers of

discretionary review), thereby alerting that court to the federal nature of the claim." Baldwin,

541 U.S. at 29 (citing Duncan v. Henry, 513 U.S. 364, 365-66 (1995) and O'Sullivan, 526

U.S. at 845. Section 2254 (a) allows the court to grant habeas corpus relief a person in

custody pursuant to a state court judgment only on the ground that he is in custody in

violation of the Constitution or laws or treaties of the United States. In other words, federal

habeas relief is available to correct only constitutional injury. U.S.C. § 2254(a); Estelle v.

McGuire, 502 U.S. 62, 67-68(1991) (errors that do not infringe upon a defendant's

constitutional rights provide no basis for federal habeas corpus relief); <u>Wainwright v. Goode</u>, 464 U.S. 78(1983).

The state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838,  842 (1999).[1] <u>See also</u>, <u>Henderson v. Campbell</u>, 353 F.3d at 891 ("A state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in the state courts.")(quoting <u>Judd v. Haley</u>, 250 F.3d 1308, 1313 (11th Cir. 2001)); <u>Snowden v. Singletary</u>, 135 F.3d at 735 ("Exhaustion of state remedies requires that the state prisoner fairly presen[t] federal claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights") (quoting <u>Duncan v. Henry</u>,  513 U.S. 364, 365 (1995)).

Exhaustion of state court remedies generally requires a petitioner to pursue discretionary appellate review.  "'[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process, including review by the state's court of last

---

[1] <u>O'Sullivan v. Boerckel</u>, 526 U.S. at 845, suggests a shift by the United States Supreme Court with regard to the terminology used in discussing exhaustion principles.  The majority of the [<u>O'Sullivan</u>] Court concluded that an issue that was not properly presented to the state court, and which can no longer be litigated under state procedural rules, did not satisfy the exhaustion requirement, and is procedurally barred from federal review. 526 U.S. at 839-840, 848. As noted by the dissenting opinion, prior case law characterized issues for which no vehicle existed for state court litigation to be exhausted but procedurally barred. 526 U.S. at 850, 852; see <u>Coleman v. Thompson</u>, 501 U.S. 722, 732 (1991); <u>Engle v. Isaac</u>, 456 U.S. 107 (1982); <u>Picard v. Connor</u>, 404 U.S. 270 (1971).

There are no unexhausted claims in Panarites' petition that can still be litigated in state court. If a claim is procedurally barred, federal review is precluded by virtue of that bar, and the exhaustion, or lack of exhaustion, is irrelevant. <u>O'Sullivan</u>, 526 U.S. at 848.

resort, even if review in that court is discretionary." <u>Pruitt v. Jones</u>, 348 F.3d 1355, 1358-59 (11th Cir. 2003)(citing <u>O'Sullivan</u>, 526 U.S. at 845).  This is required even if the state Supreme Court rarely grants such petitions and usually answers only questions of broad significance.  <u>O'Sullivan</u>, 526 U.S. at 845-46.

"The teeth of the exhaustion requirement comes from its handmaiden, the procedural default doctrine." <u>Smith v. Jones</u>, 256 F.3d 1135, 1138 (11th Cir. 2001).  Under the procedural default doctrine, "[i]f the petitioner has failed to exhaust state remedies that are no longer available, that failure is a procedural default which will bar federal habeas relief, unless either the cause and prejudice or the fundamental miscarriage of justice exception is applicable." <u>Smith v. Jones</u>, 256 F.3d at 1138.  "The doctrine of procedural default was developed as a means of ensuring that federal habeas petitioners first seek relief in accordance with established state procedures." <u>Henderson v. Campbell</u>, 353 F.3d at 891(quoting <u>Judd v. Haley</u>, 250 F.3d at 1313).

As stated above, a procedural default will only be excused in two narrow circumstances.  First, petitioner may obtain federal habeas review of a procedurally defaulted claim if he shows both "cause" for the default and actual "prejudice" resulting from the default. "Cause" ordinarily requires petitioner to demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in the state court. <u>Henderson v. Campbell</u>, 353 F.3d at 892; <u>Marek v. Singletary</u>, 62 F.3d 1295, 1302 (11th Cir. 1995).  To show "'prejudice,"  Panarites must show "not merely that the errors at his trial created a possibility of prejudice, but that they worked to his factual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions."   <u>Hollis v.</u>

Davis, 941 F.2d 1471, 1480 (11th Cir. 1991) (quoting United States v. Frady, 456 U.S. 152, 170 (1982). Panarites must show that there is at least a reasonable probability that the result of the proceeding would have been different.  Henderson v. Campbell, 353 F.3d at 892.

Second, a petitioner may obtain federal habeas review of a procedurally defaulted claim, without a showing of cause or prejudice, if such review is necessary to correct a fundamental miscarriage of justice.  Edwards v. Carpenter, 529 U.S. 446, 451 (2000); Henderson v. Campbell, 353 F.3d at 892.  This exception is only available "in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent."  Henderson v. Campbell, 353 F.3d at 892. The fundamental miscarriage of justice exception concerns a petitioner's "actual" innocence rather than his "legal" innocence. Johnson v. Alabama, 256 F.3d 1156, 1171 (2001) (citing Calderon v. Thompson, 523 U.S. 538, 559 (1998); Murray v. Carrier, 477 U.S. 478, 495-96 (1986) (explaining that a "fundamental miscarriage of justice" occurs "in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent").  To meet this standard, a petitioner must "show that it is more likely than not that no reasonable juror would have convicted him" of the underlying offense. Schlup v. Delo, 513 U.S. 298, 327 (1995). In addition, " '[t]o be credible,' a claim of actual innocence must be based on [new] reliable evidence not presented at trial." Calderon, 523 U.S. at 559 (quoting Schlup, 513 U.S. at 324) (explaining that "[g]iven the rarity of such evidence, in virtually every case, the allegation of actual innocence has been summarily rejected") (internal quotation marks omitted).

The Schlup Court stated that the petitioner must show constitutional error coupled with "new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial. Schlup 513 U.S. at 324.  This fundamental miscarriage of justice exception is not available unless "the petitioner shows, as a factual matter, that he did not commit the crime of conviction." Ward v. Cain, 53 F. 3d 106, 108 (5th Cir. 1995) (denying certificate of probable cause)(footnote omitted).

### No Presumption that State Court Ignored Its Procedural Rules

Finally, this Court cannot presume that a Florida court ignores its own procedural rules when the Court issues only a one-sentence denial of relief, which is essentially a summary dismissal.  Such a ruling does not suggest that the state court resolved the issue on the federal claim presented. See Coleman, 501 U.S. 722,  735-36 (1991);  Kight v. Singletary, 50 F.3d 1539, 1544-1545 (11th Cir. 1995) (applying procedural bar where state court's summary dismissal did not explain basis for ruling); Tower v. Phillips, 7 F.3d 206, 209 (11th Cir. 1993) (applying bar where state court did not rule on claims presented).

A factual finding by a state court is presumed to be correct, and a petitioner must rebut the presumption of correctness by clear and convincing evidence.  28 U.S.C. § 2254(e)(1); Henderson, 353 F.3d at 890-91.  The statutory presumption of correctness applies only to findings of fact made by the state court, not to mixed determinations of law and fact.  Parker v. Head, 244 F.3d 831, 836 (11th Cir. 2001).

A petitioner who "failed to develop" the factual basis for a claim while in state court as a result of the petitioner's lack of diligence is barred from doing so in federal court

(subject to the very narrow exceptions set out in § 2254(e)(2)). <u>Williams v. Taylor</u>, 529 U.S. at 433-34.

Generally, claims alleging a violation of state law are not subject to review in federal habeas proceedings. <u>Pulley v. Harris</u>, 465 U.S. 37, 41 (1984); <u>Barclay v. Florida</u>, 463 U.S. 939, 958-659(1983) ("Mere errors of state law are not the concern of this court .. . unless they rise for some other reason to the level of a denial at rights protected by the United States Constitution.") <u>McCullough v. Singletary</u>, 967 F.2d 530, 535-36 (11th Cir.1992). To the extent that a federal question is raised in the federal habeas petition, the federal question was not exhausted in state court if the issue were raised only as a state law claim in state court. <u>Anderson v. Harless</u>, 459 U.S. 4, 6-8 (1982).

Finally, in the event constitutional error is found in a habeas proceeding, the relevant harmless error standard is set forth in <u>Brecht v. Abrahamson</u>, 507 U.S. 619 (1993). The test is "less onerous" then the harmless error standard enunciated in <u>Chapman v. California</u>, 386 U.S. 18 (1967). "The test is whether the error had substantial and injurious effect or influence in determining the jury's verdict. Under this standard, habeas petitioners may obtain plenary review of their constitutional claims, but they are not entitled to habeas relief based on trial error unless they can establish that it resulted in 'actual prejudice.'" <u>Brecht</u>, 507 U.S. at 637. Although no constitutional error has occurred in Panarites' case, any possible error would clearly be harmless beyond any reasonable doubt based on the facts and the record herein.

## STANDARD FOR INEFFECTIVE ASSISTANCE OF COUNSEL

To successfully argue a claim of ineffective assistance of counsel, a petitioner must prove that counsel's performance was deficient and that counsel's deficiency caused petitioner to suffer prejudice.  Strickland v. Washington, 466 U.S. 668 (1984).  To satisfy the prejudice test, the petitioner must show that a reasonable probability exists that the outcome would have been different absent the alleged ineffective assistance.

## DISCUSSION

A review of the record demonstrates that, for the following reasons, Panarites' petition must be **DENIED**.

### Ground One

Panarites contends that his trial counsel rendered ineffective assistance of counsel because counsel did not exercise peremptory strikes to remove jurors whom, Panarites maintains, he adamantly requested defense counsel not to select.

To the extent that Panarites raised this claim in his first Rule 3.850 motion, the claim has no merit.  The state trial court order denying the first Rule 3.850 motion reads, in pertinent part:

> Defendant contends that counsel failed to challenge or strike jurors who demonstrated personal prejudice that would affect their ability to render a fair and impartial verdict.  First, Defendant contends counsel neglected to object to Edward Lear due to his response of hearing "horror stories" regarding nursing homes and his relationship with law enforcement personnel.  Mr. Lean's relationship with a police officer was not a continuous relationship and Mr. Lear could not remember the man's name. He further stated this relationship would not influence him. (See Exhibit 3:  Trial Transcript, pgs. 33-5).  Although Mr. Lear did state he heard "horror stories" of nursing home staff, he was referring to his ability to pick a facility. (See Exhibit 4:  Trial Transcript, pg. 77).  Later, Mr. Lear stated he did not feel sympathy towards the victim.  (See Exhibit 5:  Trial Transcript, pgs. 91-2).

Defendant has not shown that this potential juror exhibited behavior that would negate his ability to be a fair, impartial juror.

Next, Defendant contends Douglas Scratchley should have been stricken based on his relationship with law enforcement and an assistant state attorney. Mr. Scratchley stated his relationship with the assistant state attorney was a causal one and they only met during the holidays. (See Exhibit 6: Trial Transcript, pgs. 54-6.). The juror also indicated he could follow the 'letter of the law' and render a verdict based on the evidence. (See Exhibit 7: Trial Transcript, pgs. 105-6). Although it is true that Mr. Scratchley stated his cousin was a police officer in Cape Coral and this issue was not questioned, Mr. Scratchley indicated he could act in a fair manner. Again, this juror did not exhibit behavior that would indicate he could not act as a fair and impartial juror.

Defendant claims that Michael Miller should have been stricken since he knew a person with Down's syndrome and he had many business obligations. During voir dire, Mr. Miller indicated his ability to act in a fair and impartial manner and his business obligations would not affect his judgment. (See Exhibit 8: Trial Transcript, pgs. 21-2., 60-1, 72 and 107). There is no evidence that these facts would justify striking the juror.

Defendant also alleges that Natalie Keyes should have been stricken since she had extensive contact with mentally challenged individuals. (See Exhibit 9: Trial Transcript, pgs. 73-4). However, this fact would not automatically render a juror incapable of rendering [a] fair and impartial verdict. The Court finds Defendant has not proven that counsel's performance was deficient for failing to move to strike the above jurors. The Court finds this allegation is without merit and it is denied.

(Resp. Ex. 8).

As stated above, the statutory presumption of correctness applies only to findings of fact made by the state court, not to mixed determinations of law and fact, such as the determination of counsel's effectiveness. Parker v. Head, 244 F.3d 831, 836 (11th Cir. 2001). However, the factual findings underlying the state trial court's determination of counsel's effectiveness are presumed to be correct, and Panarites has not rebutted the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1);

Henderson, 353 F.3d at 890-91.  Panarites has not shown that the state courts' rulings as to ground one resulted in a decision that was contrary to, or involved an unreasonable application of  Strickland v. Washington.  Ground one does not warrant habeas corpus relief.

Grounds Two Through Five

In ground two, Panarites faults his trial counsel for not providing assistance to enable Panarites to make a knowing and intelligent decision whether to accept a plea offer by the state trial court. In ground three, Panarites faults his defense counsel for failing to investigate viable defenses, witnesses, and material which purportedly would have supported the defense he offered. In ground four, Panarites claims his trial counsel rendered ineffective assistance by not producing a trial witness  in support of the defense as defense counsel indicated he would in his opening remarks. In ground five, Panarites faults his trial counsel for not conducting sufficiently thorough cross-examinations of state witnesses. Grounds two through five are procedurally barred because Panarites failed to raise the claims in his first Rule 3.850 motion.

The state trial court expressly applied the state's successive petition doctrine in dismissing Panarites' second Rule 3.850 motion in which he raised these claims.  (Resp. Exs. 16, 17)  Under the circumstances, it is presumed the "silent affirmance" of the state district court of appeal following the dismissal rests upon independent and adequate procedural grounds barring federal review of grounds two through five of the federal petition. See Ylst v. Nunnemaker, 501 U.S. 797 (1991); see also, Harmon v. Barton, 894

F.2d at 1270 (where state trial court finds procedural default, state appellate court's silent affirmance is a finding of procedural default by the last state court to rule on the question).

The state courts' findings of the procedural bar, a matter of state law, is conclusive as to this Court. See Agan v. Vaughn, 119 F.3d 1538, 1549 (11th Cir. 1997) (rejecting contention that federal court could independently review whether state had correctly applied its procedural default law). See also, e.g., Bolender v. Singletary, 60 F.3d 727, 729 (11th Cir. 1995)(applying procedural bar based on state's successive petition doctrine).

Panarites has not shown cause for the default and actual prejudice, Wainwright v. Sykes, 433 U.S. 72, (1977), and has not established the kind of fundamental miscarriage of justice occasioned by a constitutional violation that resulted in the conviction of a defendant who was "actually innocent" contemplated in Murray v. Carrier, 477 U.S. 478, 496 (1986). Allegations of cause are subject to default. See Edwards v. Carpenter, 529 U.S. 446, 453(2000) (ineffective assistance of counsel claim asserted as cause for procedural default of another federal claim could itself be procedurally defaulted).

Any allegation by Panarites that he could now establish valid cause in the state courts to excuse his default is procedurally barred by the two-year limitation of Rule 3.850, see Whiddon v. Dugger, 894 F.2d 1266 (11th Cir.)(recognizing and applying two-year bar of rule 3.850), cert. denied, 498 U.S. 834 (1990), and the state's successive petition doctrine. See e.g., Foster v. State, 614 So. 2d 455, 458 (Fla. 1992); Zeigler v. State, 632 So. 2d 48, 51 (Fla. 1993).

Grounds two through five, which are procedurally barred, do not warrant federal habeas corpus relief.

-15-

Ground Six

Panarites contends the dismissal of his second Rule 3.850 motion for postconviction relief as successive denied him due process. Although Panarites couches the claim in constitutional terms, the claim does not present a constitutional issue and this Court does not have subject matter jurisdiction over this claim. Panarites' contention does not undermine the validity of the state conviction and does not present a cognizable claim for federal habeas relief. See Spradley v. Dugger, 825 F.2d 1566 (11th Cir. 1987)(state court's failure to hold hearing on inmate's motion for postconviction relief and failure to attach relevant portions of record did not undermine validity of inmate's conviction, went to issues unrelated to cause of detention, and did not state basis for habeas corpus relief.)

A state's interpretation of its own rules or statutes does not raise a federal constitutional issue. Wainwright v. Goode, 464 U.S. 78 (1983), reh'g denied, 465 U.S. 78 (1984). The writ of habeas corpus, 28 U.S.C. § 2254, was not enacted to enforce state-created rights. Cabberiza v. Moore, 217 F.3d 1329, 1333 (11th Cir. 2000). Even when a petition which actually involves state law issues is "couched in terms of equal protection and due process," this limitation on federal habeas corpus review is of equal force. Willeford v. Estelle, 538 F.2d 1194, 1196-98 (5th Cir. 1976).

Whether or not Panarites' allegations sufficed to overcome the successive petition bar under Florida law to permit substantive review of claims which Panarites did not present in his first Rule 3.850 motion was solely within the province of the Florida courts. State courts are the final arbiters of state law, and federal habeas courts should not second-

guess them on such matters. <u>Agan v. Vaughn</u>, 119 F.3d 1538, 1549 (11th Cir. 1997).

Ground six does not warrant federal habeas corpus relief.

Accordingly, the Court orders:

That Panarites' petition for writ of habeas corpus is denied, with prejudice.  The

Clerk is directed to enter judgment against Panarites and to close this case.

ORDERED at Tampa, Florida, on January 24, 2006.

SUSAN C. BUCKLEW
United States District Judge

Counsel of Record
Pro se:  Ross Markam Panarites